IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON CARGILL, #214181, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER JEFF DUNN, et al., )<br>)<br>   Defendants. ) | CASE NO. 2:21-CV-51-ECM-KFP<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an indigent state inmate, filed this 42 U.S.C. § 1983 action regarding actions that occurred at the Kilby Correctional Facility. Doc. 1 at 2–3. Defendants filed a special report supported by relevant evidentiary materials, including affidavits, medical records, and prison records, addressing Plaintiff's claims and denying any violation of his constitutional rights. *See* Doc. 7.

Upon review of Defendants' written report and supporting evidentiary materials, the Court ordered Plaintiff to file a response by April 14, 2021. Doc. 9. The Order advised Plaintiff that failure to respond would be treated as an abandonment of his claims and a failure to prosecute and that it would result in a recommendation of dismissal. *See* Doc. 9. As of the present date, Plaintiff has filed no response in opposition to Defendants' report; therefore, the Court concludes this case should be dismissed.

The Court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. System of Ga.*, 248 F. App'x 116, 117–18 (11th Cir. 2007). After review, the Court finds dismissal is the proper

course of action. First, Plaintiff is an indigent inmate, so imposition of monetary or other punitive sanctions against him would be ineffectual. Next, his inaction in the face of Defendants' report and the Court's Order suggests a loss of interest in prosecuting this case. Finally, under the circumstances of this case, the Court finds additional efforts to secure Plaintiff's compliance would be unavailing and a waste of this Court's scarce judicial resources. Consequently, the undersigned concludes this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, dismissal for failure to obey a court order is not an abuse of discretion where a litigant has been forewarned). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket" and "[t]he sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to prosecute and obey court orders.

It is further ORDERED that on or before **June 3, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of May, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE